■ INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Appellant, v TRANSCONTINENTAL INSURANCE COMPANY et al., Respondents. [804 NYS2d 737]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered on or about March 21, 2005, which, in an action by an excess insurer against the primary insurers for bad-faith failure to accept a settlement offer within defendants' policy limit, granted defendants' motion for summary judgment and denied plaintiff's cross motion for summary judgment, unanimously affirmed, with costs.

The record lacks any pattern or indicia of defendants' reckless or conscious disregard for plaintiff's rights (*see Pavia v State Farm Mut. Auto. Ins. Co.*, 82 NY2d 445, 453-454, 456 [1993]). We reject plaintiff's argument that defendants knew they had no defense to liability when the attorney they assigned decided not to call the accident reconstruction expert he had retained. While such an expert might have made the defense of the parties' insured more credible, the depositions in the underlying action, the skid marks left at the scene, the points of impact, and the underlying plaintiff's inconsistent statement to the police presented defendants with a meritorious defense. The underlying plaintiff's vehicle had hit the insured's vehicle in the rear. While the underlying plaintiff's injuries were serious, defendants fairly evaluated the potential damages based upon sustained verdicts for comparable injuries, and, given their evaluation of liability, reasonably determined that an apportioned verdict would likely be within their policy's limits. We note that upon a liability verdict wholly adverse to the insured, defendants tendered their policy. We have considered plaintiff's remaining arguments and find them to be unavailing. Concur—Mazzarelli, J.P., Friedman, Nardelli, Sweeny and McGuire, JJ.